NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **$18,395.00 IN UNITED STATES CURRENCY,** *Defendant in Rem.* | Civil Action No. 17-148 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on Plaintiff United States of America's ("Plaintiff" or "the Government") motion for the entry of default judgment and final order of forfeiture of a total of $18,395.00 in U.S. currency ("Defendant Property") pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 4. For the reasons set forth herein, the motion is **GRANTED**.

**I.  BACKGROUND**

On or about May 6, 2016, Task Force Officers from the DEA Newark Airport Group/Task Force 3 ("DEA officers") observed Guillermo G. Arroyabe ("Arroyabe") at the American Airlines ticket counter inside Terminal A of Newark Liberty International Airport located in Elizabeth, New Jersey (hereinafter "Airport"). Compl. ¶ 7. Arroyabe missed his original flight that was expected to connect with a flight to San Francisco, California. Id. San Francisco is known as a source city for the purchase and distribution of narcotics. Id.

The officers identified themselves to Arroyabe, who agreed to speak with them. Id. ¶ 8. During the interview the officers asked Arroyabe whether he was carrying any large amounts of

United States currency (hereinafter, "U.S. currency"), which he denied carrying. Id. ¶¶ 10-13. Arroyabe then consented to a search of his luggage. Id. ¶ 12. During the search, DEA officers located a large amount of U.S. currency inside a toiletry bag. Id. ¶ 13. Arroyabe explained he won the cash in Atlantic City. Id. ¶ 14.

DEA officers conducted a criminal history DEA officers conducted a criminal history inquiry of Arroyabe, which revealed that he had been arrested nine times, in New Jersey, New York, and Florida, for possession of a controlled dangerous substance and manufacture/distribution of a controlled dangerous substance. Id. ¶ 17. Three of the nine arrests were for felony controlled dangerous substances charges. Arroyabe had informed DEA officers that he had been arrested, but did not mention any controlled dangerous substances arrests. Id.

The DEA officers also learned that Arroyabe was dropped off at the Airport by Violet R. Gentle, who was still at the airport. Id. ¶ 15. The officers observed, in plain view, an empty, clear freezer bag in the front passenger door pocket that had numbers written on it in pen. Id. ¶ 16.

An officer with the Port Authority K-9 Unit at Newark Liberty International Airport then deployed his certified narcotics detection canine "Cedo" to inspect the currency from Arroyabe's luggage and the clear plastic bag. Id. ¶ 18. Cedo signaled, through a distinctive set of behaviors, specifically by scratching where the currency was located, that he detected a controlled substance on both the defendant currency and the clear plastic bag. Id.

After Cedo signaled that he detected a controlled substance on both the defendant currency and the clear plastic bag, the U.S. currency was seized by the DEA under the suspicion that it was proceeds from drug trafficking. It was subsequently determined that the U.S. currency seized from Arroyabe's luggage totaled $ 1 8,395.00. Id. ¶ 21.

The DEA initiated administrative forfeiture proceedings against the Defendant property. Id. ¶ 22. On or about October 7, 2016, Arroyabe, through counsel, filed an administrative claim with the DEA contesting the forfeiture of the Defendant Property. Id. The claim consisted of a "Affirmation" signed under penalty of perjury. Id. In the document, Arroyabe stated that he was the owner of the Defendant Property, and that the Defendant Property was obtained lawfully through gambling while he was in Atlantic City, New Jersey. Id. To date, Arroyabe has not provided any proof of these statements, such as a Form W-2G. Id. According the New Jersey Department of Labor records, Arroyabe does not have a work history in the State. Id. ¶ 23.

On January 9, 2017, the Government commenced a civil judicial action for the forfeiture of the Defendant Property by filing a Verified Complaint for Forfeiture *in Rem* (the "Verified Complaint"). ECF No. 1. A Warrant for Arrest *in Rem* was issued for the Defendant Property that same day. ECF No. 2. On January 23, 2017, the Government filed with this Court a Notice of Complaint for Forfeiture *in Rem* (the "Notice of Complaint"), ECF No. 3, and sent copies of the Verified Complaint and the Notice of Complaint to Paul S. Brenner, Esq., in his capacity as counsel to Arroyabe. Declaration of Peter Gaeta ("Gaeta Decl.") ¶ 6, ECF No. 4-1. The Notice of Complaint stated that any person who wished to assert an interest in and avoid forfeiture of the Defendant Property must file a conforming claim with the Clerk of the Court within the time allotted. Id. The Notice of Complaint also detailed the procedure for filing a claim and answer while stating that failure to timely file a conforming Claim, or failure to file an answer or motion, would result in the Government seeking judgment by default for the relief demanded in the Verified Complaint. The Government also posted notice of the instant forfeiture action on its official forfeiture website, www.forfeiture.gov, for thirty consecutive days through February 23, 2017. Id.

On or about January 24, 2017, copies of the Verified Complaint and Notice of Complaint were delivered to the office of Paul S. Brenner, Esq., as counsel for potential claimant Arroyabe. Gaeta Decl., Ex. A. The cover letter indicated that Arroyabe must file a claim no later than February 28, 2017. Id. No claims or answers were filed in this action.

## I. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008) (quotation omitted). When evaluating a motion for default judgment, courts consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## II. ANALYSIS

### A. Procedural Requirements for Civil Asset Forfeiture

Civil asset forfeiture actions *in rem* are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") and 18 U.S.C. § 983. Under Rule G, the government must file a verified complaint that states the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the property, and venue; describes the property with reasonable particularity; states the property's location when any seizure occurred and its location when the action is filed; identifies the statute under which the forfeiture action is brought; and provides sufficiently detailed facts to support a reasonable belief that the government will be

able to meet its burden of proof at trial.  See Supp. R. Certain Adm. & Mar. Cl. G(2).

If the property is not real property and is already in the government's possession, custody, or control, the Clerk must issue a warrant to arrest the property before it can be seized.  Id. at § 3(b).  Once the arrest warrant is issued, the government may arrest the property pursuant to the warrant.  Id. at § 3(c).  And finally, the government must publish notice of the forfeiture action for any potential claimants that it is not aware of, and must give direct notice to any potential claimants that it is aware of.  Id. at § 4.  For potential claimants that the government does not know, the government must publish notice within a reasonable time after the Verified Complaint is filed, which may be satisfied by posting a notice on an official internet government forfeiture site for at least thirty consecutive days.  Id. at § 4(a)(iv)(C).  For potential claimants known to the government, the government must send notice of the action and a copy of the Verified Complaint "by means reasonably calculated to reach the potential claimant," including to the potential claimant directly or to his attorney.  Id. at § 4(b)(iii).

To make a claim for the property and avoid potential forfeiture, a potential claimant must file a claim that conforms to Rule G(5)(a) of the Supplemental Rules and 18 U.S.C. § 983(a)(4)(A).  Rule G(5)(a) provides that the potential claimant must file a claim in the court where the action is pending that identifies the specific property claimed, identifies the claimant and the claimant's interest in the property, is signed by the claimant under penalty of perjury, and is served on the government's attorney.  Under 18 U.S.C. § 983(a)(4)(A), the claim must be filed no later than thirty days after the date of service of the government's Verified Complaint or no later than thirty days after the date of final publication of notice of the filing of the Verified Complaint.

### B.  The Government Has Satisfied the Procedural Requirements

The Government has met the requirements of Rule G and 18 U.S.C. § 983.  On January 9,

2017, the Government filed a Verified Complaint seeking the forfeiture of $18,395.00 in U.S. currency. The Verified Complaint asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b)(1). Compl. ¶¶ 3-4. It also describes the Defendant Property with reasonable particularity, in that it describes the amounts and form in which the money was received, as well as the location and circumstances of its seizure. Id. ¶¶ 7-21.

The Government also adequately identifies the statutory basis for this action. See Compl. ¶¶ 6. Specifically, pursuant to 18 U.S.C. § 881(a)(6), no property right exists in "moneys, . . . furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation."

In addition, the Verified Complaint provides sufficient facts to support a reasonable belief that the Government will be able to meet its burden at trial. The Complaint details the inconsistencies in Arroyabe's statements regarding the origin of the Defendant Property, Arroyabe's lack of legitimate business, and the K-9 unit's positive signal for detection of a controlled substance on the currency. Compl. ¶¶ 7-23. Accepted as true for the purposes of this motion, see Comdyne, 908 F.2d at 1149, these facts are sufficient to establish a reasonable belief that the Government would be able to prove at trial that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance or represents proceeds traceable to an exchange for a controlled substance in violation of 21 U.S.C. § 801, *et seq*.

Finally, the Government followed the proper procedures after filing the Verified Complaint. On January 2, 2017, the Government requested and received a warrant to arrest the Defendant Property. On January 23, 2017, the Government posted a Notice of Verified Complaint

for Forfeiture *in Rem* on the docket. The Notice stated that any person who wished to assert an interest in the Defendant Property must file a verified claim within thirty-five days after the Notice was sent or the date of delivery, if personally served. The Government also successfully mailed copies of the Verified Complaint and Notice to Arroyabe's attorney. And finally, the Government published the Notice on its official forfeiture website, www.forfeiture.gov, for thirty consecutive days.

### C. No Potential Claimant Has Filed a Claim

The requirement that a potential claimant file a verified claim "'is no mere procedural technicality.'" United States v. $487,825.000 in U.S. Currency, 484 F.3d 662, 665 (3d Cir. 2007), as amended (May 14, 2007) (quoting United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004)). "Because of the important interests served by requiring a verified statement, district courts are entitled to insist upon procedural regularity." Id. There have been no claims filed for the Defendant Property in this matter. As a claim must be filed no later than thirty days after the date of service of the government's Verified Complaint or no later than thirty days after the date of final publication of notice of the filing of the Verified Complaint, the time period to file a claim has expired. See 18 U.S.C. § 983(a)(4)(A).

### D. Default Judgment is Appropriate

Default judgment is appropriate under the circumstances. As an initial matter, the Government is entitled to default judgment because no potential claimants have filed a verified claim or valid answer to the Verified Complaint. $487,825.000, 484 F.3d at 664; United States v. Assorted Jewelry Valued at $13,430.00, No. 11-0777, 2013 WL 775542, at *2 (D.N.J. Feb. 28, 2013). As the Government posted the forfeiture notice on its website and made reasonable efforts to directly notify any known potential claimants, any potential claimants bear the responsibility

7

for their failure to file a verified claim.  United States v. $75,000 in U.S. Currency, No. 14-7633, 2015 WL 3409468, at *4 (D.N.J. May 27, 2015).  Moreover, the Government would suffer prejudice if default judgment and final order of forfeiture were denied, because it does not have any alternate remedy against the Defendant Property.  United States v. $16,010.00 in U.S. Currency, No. 11-945, 2011 WL 2746338, at *6 (D.N.J. July 13, 2011).  Thus, the Court will enter default judgment in favor of the Government and will order forfeiture of the Defendant Property.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for final judgment by default against Defendant and for a final order of forfeiture is **GRANTED**.  No right, title, or interest in the Defendant Property shall exist in any other party.  An appropriate Order accompanies this Opinion.

**Dated: December 21, 2017**

                                       */s Madeline Cox Arleo*
                                       **MADELINE COX ARLEO**
                                       **United States District Judge**